Opinion issued November 16, 2006 












In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00982-CV




ANNE GARRETT, Appellant
V. 
DEPARTMENT OF FAMILY AND PROTECTIVE 
SERVICES, Appellee







On Appeal from the 313th District Court
Harris County, Texas
Trial Court No. 2002-04982J



 
MEMORANDUM OPINION
          After a non-jury trial, the trial court rendered a final order terminating the
parental rights of appellant, Anne Garrett, to her child, C.G. The order also
terminated the parent-child relationship between C.G. and her father, who does not
appeal.


 Appellant’s court-appointed appellate counsel filed a brief concluding that
there is no non-frivolous issue that could be presented on appeal and that any appeal
would be without merit. Appellate counsel’s brief includes a motion to withdraw,
stating that he mailed a copy of the brief to appellant, along with a letter advising her
of her right to file a pro se brief. We affirm the trial court’s order and grant counsel’s
motion to withdraw. BackgroundAppellee, Department of Family and Protective Services (“DFPS”), filed its
“Original Petition for Protection of a Child, for Conservatorship and for Termination
of the Parent-Child Relationship” on May 31, 2002.


 Appellant agreed to undergo
diagnostic psychological evaluations and to take parenting classes. The agreement
also provided for appellant’s visitation times with C.G. and child support payments
of $159 per month to DFPS. The trial court accepted the agreement of the parties in
an order signed November 24, 2003. DFPS then filed its “Original Motion to Modify
Conservatorship and for Termination of the Parent-Child Relationship” on February
14, 2005. On September 6, 2005, the trial court held a termination hearing. 
          On September 28, 2005, the trial court entered an order modifying the “Agreed
Final Order in Suit Affecting the Parent-Child Relationship,” terminating the parental
rights of appellant and C.G.’s father. The trial court found by clear and convincing
evidence that termination of the parent-child relationship was in the best interest of
the child and recited in its order the grounds for termination of appellant’s parental
rights, explaining that appellant had:
9.2.1engaged in conduct or knowingly placed the
child with persons who engaged in conduct
which endangers the physical or emotional
well-being of the child, pursuant to Section
161.001(1)(E) of the Texas Family Code;

 
9.2.2failed to comply with the provisions of a court
order that specifically established the actions
necessary for the parent to obtain the return of
the child who has been in the permanent or
temporary managing conservatorship of the
Department of Family and Protective Services
for not less than nine months as a result of the
child’s removal from the parent under Chapter
262 for the abuse or neglect of the child,
pursuant to Section 161.001(1)(O) of the
Texas Family Code; 
 
. . . .

          Appellant’s counsel has advised the Court that he has reviewed the record and
concluded that there is no non-frivolous issue that could be presented on appeal. 
Appellant’s counsel submitted an Anders brief


 and motion to withdraw as counsel on
May 1, 2006. This brief met the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal. Mitchell v. State, 193 S.W.3d 153, 155 (Tex. App. —Houston [1st Dist.]
2006, no pet.). Appellant did not file a response by the deadline. 
Anders Procedure
          Anders procedures are appropriate in parental-rights termination cases. In re
K.D., 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.); see In re
D.E.S., 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); 
Porter v. Tex. Dep’t of Protective & Regulatory Servs., 105 S.W.3d 52, 56 (Tex.
App.—Corpus Christi 2003, no pet.); In re K.M., 98 S.W.3d 774, 777 (Tex.
App.—Fort Worth 2003, no pet.); In re E.L.Y., 69 S.W.3d 838, 841 (Tex.
App.—Waco 2002, no pet.); In re K.S.M., 61 S.W.3d 632, 634 (Tex. App.—Tyler
2001, no pet.). The procedures set forth in Anders are applicable to an appeal of the
termination of parental rights when an appointed attorney concludes that there are no
non-frivolous issues to assert on appeal. In re K.D., 127 S.W.3d at 67.
          The brief submitted by appellant’s court-appointed counsel states his
professional opinion that there are no arguable grounds for reversal on appeal and that
any appeal would, therefore, lack merit. See Anders, 386 U.S. at 744, 87 S. Ct. at
1400. Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969). Appellant’s counsel sent a copy of the brief to appellant, requested permission
to withdraw from the case, and notified appellant of her right to review the record and
to file a pro se response. DFPS waived its opportunity to file an appellee’s brief.
          When we receive an Anders brief from an appellant’s court-appointed attorney
who asserts that no arguable grounds for appeal exist, we must determine that issue
independently by conducting our own review of the entire record. See Anders, 386
U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether case is “wholly
frivolous”); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (quoting
same passage from Anders). In conducting our review, we consider any pro se
response that the client files to his appointed counsel’s Anders brief. See Bledsoe v.
State, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005). 
          Our role in this Anders appeal is limited to determining whether arguable
grounds for appeal exist. See Bledsoe, 178 S.W.3d at 827. If we determine that
arguable grounds for appeal exist, we must abate the appeal and remand the case to
the trial court to allow the court-appointed attorney to withdraw. See id. The trial
court must then either appoint another attorney to present all arguable grounds for
appeal or, if the defendant wishes, allow the defendant to proceed pro se. See id. If
we determine that there are arguable grounds for appeal, appellant is entitled to have
new counsel address the merits of the issues raised. Id. “Only after the issues have
been briefed by new counsel may [we] address the merits of the issues raised.” Id. 
          If, on the other hand, we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court’s judgment
by issuing an opinion in which we explain that we have reviewed the record and have
found no reversible error. See id. at 826–28. The holding that there are no arguable
grounds for appeal is subject to challenge by an appellant by a petition for
discretionary review filed in the Texas Supreme Court. Cf. id. at 827 & n.6 (stating
that appellate court’s conclusion that there are no arguable grounds for appeal is
subject to challenge by an appellant by a petition for discretionary review filed in the
Texas Court of Criminal Appeals). 
          In accordance with Anders and Bledsoe, we have reviewed the record and 
appellant’s appointed counsel’s Anders brief and conclude that no reversible error
exists.ConclusionWe therefore affirm the judgment of the trial court. We grant counsel’s motion
to withdraw.


 Cf. Stephens v. State, 35 S.W.3d 770, 771 (Tex. App.—Houston [1st
Dist .] 2000, no pet.).
 


                                                             Tim Taft
                                                             Justice 
Panel consists of Justices Taft, Keyes, and Hanks.